OPINION OF THE COURT
Zelda Jonas, J.
Plaintiff sued the defendant, Veterans Motor Service, for damages which allegedly resulted from the defendants’ failure to properly repair her 1977 Buick automobile.
The plaintiff first brought her automobile to defendant on August 30, 1985. At that time the defendant advised her that the cost to repair the car would be $134.72. The defendant repaired the car and the plaintiff paid the bill. The car did not work properly and the plaintiff returned the car to the defendant on September 17, 1985. At that time the defendant informed her that additional repairs would be necessary. The defendant charged the plaintiff $272.96 for the additional repairs which the plaintiff promptly paid.
The car still was not working properly and on September 23, 1985 the plaintiff again returned the car to the defendant for the third time. She was advised that more repairs were necessary and the cost of such repairs, which defendant allegedly made, was $36. Plaintiff did not pay this bill and wanted another opinion as to the necessity of such repair.
Two days later, on September 25, 1985, the car broke down completely and the plaintiff returned the car to the defendant. *690 The defendant repaired the car without advising the plaintiff of the repairs he felt would be necessary, or the cost for such repairs. The defendant then presented a bill for services to the plaintiff in the sum of $804.02 which plaintiff has not paid.
The defendant is presently holding the car and refuses to return it to the plaintiff insisting that the plaintiff now pay an additional sum of $840 for the further repairs made to plaintiff’s car on September 23 and September 25, 1985.
The court finds that it has subject matter jurisdiction over plaintiff’s claim for $407.68 pursuant to UDCA 1801. This section provides that "The term 'small claim’ or 'small claims’ as used in this act shall mean and include any cause of action for money only not in excess of one thousand five hundred dollars exclusive of interest and costs”. Accordingly, plaintiff’s claim is well within the jurisdiction of the Small Claims Court.
It should be noted that the court is not limited to granting monetary relief only to the plaintiff. UDCA 1401 provides that "[wjithin the limits of its [subject matter] jurisdiction * * * the court shall have power to render any judgment that the supreme court might render in a like case”. There are no sections in CCA article 18 (small claims) that would limit the application of UDCA 1401 in a small claims judgment.
Accordingly, the court finds that the defendant has breached its contractual agreement to repair plaintiff’s car in exchange for the $407.68 paid by the plaintiff. The plaintiff paid for services that were never properly delivered to her.
The court finds that the defendant is not entitled to any additional money or consideration for repairs made to plaintiff’s car on September 23 and September 25. The defendant has a duty to deliver to plaintiff a repaired car. This is the promise they undertook for the amount plaintiff paid for it.
The court finds that plaintiff is entitled to damages in the amount of $50 for taxi fares.
The court also finds that defendant’s claim to a lien on plaintiff’s car is without merit since plaintiff delivered the car to the defendant for the purpose of satisfactorily performing the service for which she already paid the defendant on August 30 and September 17, 1985. Accordingly, pursuant to the authority in UDCA 1401, defendant’s lien is declared invalid. Furthermore, the defendant is ordered to return said vehicle to plaintiff within seven days of this decision. If the defendant fails to do so, then upon affidavit of noncompliance *691 by the plaintiff, this action shall be placed on the inquest calendar so that the value of said vehicle can be determined and judgment entered accordingly.